# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ROBERT X. GOODIE,**

    **Petitioner,**

**v.**                                                                **Case No. 8:21-cv-2172-MSS-AAS**

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    **Respondent.**

_____

## ORDER

Robert X. Goodie petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state-court conviction for first-degree murder. (Dkt. 21) Respondent asserts that the amended petition is time barred. (Dkt. 22) Goodie filed a reply opposing dismissal. (Dkt. 23) After reviewing the pleadings and the relevant state-court record (Dkt. 18-2), the Court **DISMISSES** the amended petition as time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Carroll v. Sec'y, DOC, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

A state-court jury found Goodie guilty of first-degree murder. (Dkt. 18-2, Ex. 6, at 1) Goodie subsequently received a sentence of life imprisonment. (Id., Ex. 5, at 4) Goodie's conviction was affirmed on direct appeal on November 15, 2017. (Id., Ex. 8) The judgment became final ninety days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—February 14, 2018.

After 364 days of untolled time, on February 13, 2019, Goodie filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 18-2, Ex. 9, at 1) The AEDPA clock stopped during the pendency of that motion. Brown v. Sec'y, Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008). The state trial court ultimately denied relief, and the state appellate court affirmed. (Dkt. 18-2, Exs. 10, 11, 13) Accordingly, the Rule 3.850 motion remained pending until the appellate mandate issued on June 18, 2021. (Id., Ex. 14) The limitation period resumed the next day, giving Goodie until June 21, 2021, to file his federal habeas petition.[1] Goodie missed the deadline by over two months, filing his original § 2254 petition on September 7, 2021.[2] (Dkt. 1 at 24) Therefore, this action is untimely.

---

[1] The last day of the limitation period—June 20, 2021—fell on a Sunday. Accordingly, Goodie had until Monday, June 21, 2021, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[2] Goodie subsequently filed an amended petition on August 5, 2022. (Dkt. 21 at 2) For purposes of this Order, the Court assumes that the amended petition relates back to the filing date of the original petition. See Fed. R. Civ. P. 15(c)(1); Haecker v. Sec'y, Dep't of Corr., No. 5:17-cv-89-WFJ-PRL,

Goodie does not contest these calculations. Instead, he seeks to avoid dismissal on the ground that he is entitled to equitable tolling. (Dkt. 23) Goodie claims that, because of damage to his facility caused by Hurricane Michael, he lacked access to the law library and inmate law clerks from October 10, 2018 to February 13, 2019. (Id. at 5) Goodie separately alleges that from June 18, 2021 to October 15, 2021, his prison was "under severe COVID-19 restrictions," and he "had no access to the library or law clerks." (Id. at 6)

These allegations are insufficient to warrant equitable tolling. To establish that equitable tolling applies, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Moreover, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653. "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014).

Goodie alleges that, because of Hurricane Michael and the COVID-19 pandemic, he was unable to visit the prison law library for months at a time. Lack of

---

2019 WL 1763221, at *4 (M.D. Fla. Apr. 22, 2019) (assuming, for purposes of deciding timeliness under AEDPA, that "the amended petition relates back to the original petition").

access to a prison law library is not, however, an extraordinary circumstance warranting equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); Moseley v. Butler, No. 1:22-cv-157-KD-N, 2022 WL 18584503, at *4 (S.D. Ala. Dec. 13, 2022) ("[I]t is well-settled in this Circuit that lack of access to, or inadequacy of, a prison law library is not sufficient on its own to establish the extraordinary circumstances warranting equitable tolling." (collecting cases)), adopted by 2023 WL 1481456 (S.D. Ala. Feb. 2, 2023). Moreover, "lockdowns and similar limitations imposed because of the COVID-19 pandemic [are] not extraordinary circumstances which by themselves justify equitable tolling." Powell v. United States, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022).[3]

Similarly, "lack of inmate law clerk help" is not "an extraordinary circumstance justifying equitable tolling." Lambert v. Sec'y, Dep't of Corr., No. 5:16-cv-00579-WFJ-PRL, 2019 WL 1490401, at *5 (M.D. Fla. Apr. 4, 2019); see also Gonzalez v.

---

[3] See also Driver v. Sec'y, Dep't of Corr., No. 23-11689, 2024 WL 2239126, at *1 (11th Cir. Mar. 1, 2024) ("[T]he 'shutdown' of the law library at [petitioner's] prison and his inability 'to get assistance [from] law clerks' during the COVID-19 pandemic were not 'extraordinary circumstances' warranting equitable tolling."); Starling v. Warden, No. 22-13849, 2023 WL 7013301, at *1 (11th Cir. May 10, 2023) ("[T]o the extent that [petitioner] cites his limited access to the law library due to the COVID-19 pandemic, under this Court's precedents, lockdowns and similar limitations do not qualify as extraordinary circumstances to justify equitable tolling."); Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (no equitable tolling because petitioner "could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols"); Johnson v. United States, No. 21-60184-CR, 2023 WL 5015393, at *3 (S.D. Fla. Aug. 7, 2023) (noting that "district courts throughout [the Eleventh] Circuit have uniformly held that law-library restrictions caused by the COVID-19 pandemic" do not qualify as "extraordinary circumstances" warranting equitable tolling).

Sec'y, Fla. Dep't of Corr., No. 3:15-cv-1049-TJC-JBT, 2018 WL 2100043, at *3 (M.D. Fla. May 7, 2018) (holding that inability to obtain "assistance from inmate law clerks" is "insufficient to warrant the extraordinary remedy of equitable tolling"). Accordingly, Goodie fails to establish that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). Notably, Goodie was able to file his initial § 2254 petition on September 7, 2021—one month before he regained access to the law library and law clerks. (Dkt. 1 at 24; Dkt. 23 at 6)

Goodie also fails to show that he acted with "reasonable diligence" in challenging his conviction. Holland, 560 U.S. at 653. As noted above, the AEDPA limitation period began to run on February 14, 2018. Goodie waited 364 days to file his Rule 3.850 motion, leaving him only one day to file a § 2254 petition at the conclusion of his state postconviction proceedings. To be sure, Goodie claims that in October 2018, his facility implemented restrictions that limited his access to the law library and inmate law clerks. But Goodie fails to explain why he could not have filed his Rule 3.850 motion during the eight-month period between when the AEDPA clock started (February 2018) and when his facility began to impose restrictions (October 2018). See Johnson v. Warden, 738 F. App'x 1003, 1007 (11th Cir. 2018) ("[E]ven if [petitioner] had diligently pursued his rights *during* his [state habeas] proceedings, he provides no explanation as to why he waited 264 days after his conviction was final to file his [state habeas] petition in the first place."); Whitaker v. Comm'r, Ga. Dep't of Corr., No. 21-14467-A, 2022 WL 2156663, at *2 (11th Cir. May 3, 2022) ("[W]hile

[petitioner] made a conclusory assertion that he pursued his rights diligently, he did not explain why he waited over 11 months to file his state habeas corpus petition, which constituted most of the statute of limitations period.").

For all these reasons, Goodie fails to show that equitable tolling saves his untimely § 2254 petition. Thus, the amended petition is dismissed as time barred.[4]

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Goodie's amended petition for writ of habeas corpus, (Dkt. 21), is **DISMISSED as time barred**.

2. The Clerk is **DIRECTED** to enter judgment against Goodie and to **CLOSE** this case.

3. Because Goodie neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of July 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[4] Goodie does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).